UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

　　　　　　　　　　　Plaintiff,

v.

DENIS SCHUR, *et al.*,

　　　　　　　　　　　Defendants.

Case No. 25-10642
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

## ORDER STRIKING PLAINTIFF'S IMPROPER FILING
### (ECF NO. 33)

Plaintiff Frank John Richard sues under 42 U.S.C. § 1983.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.

Richard has filed a "Notice of Ex Parte Communication," alleging that Defendant Denis Schur improperly contacted him.  ECF No. 33.  The Court strikes this improper filing.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).

And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

Because Richard's notice is not motion or other filing authorized under Rule 7 or the local rules, the Court **STRIKES** it.  If Richard moves to have the Court order Schur to have no more contact with him, that motion would need to be supported by legal authority showing that the Court has discretion to impose such an order.

The Court also **WARNS** Richard that he will face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Richard's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  The sanctions that Richard may face include (1) involuntary dismissal with prejudice;[1]

---

[1] See *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016).

2

(2) revoking the plaintiff's IFP status;[2] and (3) enjoining the plaintiff from

filing lawsuits in this district without leave of court.[3]

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 4, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on
counsel of record and any unrepresented parties via the Court's ECF

---

[2] See *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Molter v. Trinity Health*, 811 F.Supp.3d 864, 869 (E.D. Mich. 2025).

[3] See *Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988).

System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager