UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

Plaintiff,

v.

Case No. 25-cv-10642
HON. MARK A. GOLDSMITH

DENIS SCHUR, et al.,

Defendants.
_________________________/

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 31), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 32), AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (Dkt. 26)**

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R) recommending that the Court grant Defendants Dennis Schur and Amy Novak's motion to dismiss and for summary judgment (Dkt. 26). See R. & R. (Dkt. 31). Plaintiff Frank John Richard filed objections (Dkt. 32).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R, (ii) overrules Richard's objections, (iii) grants Defendants' motion to dismiss and for summary judgment.

## I. BACKGROUND

[1] The briefing also includes Richard's response (Dkt. 29) and Defendants' reply (Dkt. 30).

The full relevant factual background is set forth in the R&R. R. & R. at PageID.369–371. Richard's complaint alleges six instances of First Amendment retaliation and violations of the due process clause of the Fourteenth Amendment. Compl. at PageID.4–10 (Dkt. 1).

The R&R recommends that the Court grant Defendants' motion to dismiss and for summary judgment as to all of Richard's claims for various reasons including that they are untimely, fail to state a claim, and he failed to exhaust administrative remedies before filing suit. R. & R. at PageID.373–381.

Richard makes six objections to the R&R. Obj. at PageID.384–391. They all lack merit.

## II. ANALYSIS

### A. Objection One

Richard first objects to the R&R's conclusion that his January 2022 retaliation claim was untimely. Obj. at PageID.384–385. Explaining that Richard's 42 U.S.C. § 1983 action was subject to a statute of limitations of three years, the R&R found that his January 2022 retaliation claim was untimely because Richard did not file his complaint until February 2025, more than three years after the January 2022 incident. R. & R. at PageID.374. Richard argues that his January 2022 claim is "transactionally-linked to the adverse action in Counts 3, 4, 5, and 6." Obj. at PageID.384.

It appears that Richard has already made this argument. Resp. at PageID.348 ("Schur made similar threats in retaliation for speech in Count No.'s [sic] 1 & 3. This is the causal-link required for joinder claims."). A party's mere disagreement with the R&R's conclusions does not equate to an error; the party must demonstrate how the magistrate judge erred. Lewis v. Sole L., PLLC, 652 F. Supp. 3d 886, 891 (E.D. Mich. 2023) ("'An objection' is not valid if it merely disagrees with a magistrate judge's determination without explaining the source of the error.") (quoting Howard v. Sec'y of Health and Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Further, Richard cites Hagopian v. Smith, 2008 WL *4 (E.D. Mich. 2008) for the proposition that "declining to credit dismissal as untimely, since the plaintiff was 'clearly grieving the continual confiscation of his legal material.'" Richard does not provide the full citation, but the Court found two opinions in that case from 2008. Hagopian v. Smith, No. 05-74025, 2008 WL 3539251 (E.D. Mich. Jan. 31, 2008); Hagopian v. Smith, No. 05-74025, 2008 WL 3539256 (E.D. Mich. Aug. 12, 2008). Neither opinion contains the quote that Richard cites. "It is not the Court's responsibility to search through caselaw to find support for Defendant's arguments." Rajapakse v. Internet Escrow Servs., No. 21-cv-158, 2022 WL 4084417, at *4 (E.D. Tenn. Sept. 6, 2022).

Objection one is overruled.

**B. Objection 2**

Richard's second objection is to the R&R's conclusion that he did not state a due process claim. Obj. at PageID.386–387. The R&R recommended that Richard's due process claim be dismissed because he had not alleged a protected interest as he has "no constitutionally protected interest in his housing assignments." R. & R. at PageID.375. Further, the claim fails because he does not allege that Defendants were involved in, or caused, his alleged lost protected interest. Id.

Richard argues that his liberty interests include "retaliation for speech[,]" "the loss from the transfer to the new facility[,]" and "[b]eing dropped from representation by the MDVAA [Michigan Veterans Affairs Agency]." Obj. at PageID.386. He explains that the Veterans Unit Program is "more than just a '[h]ousing assignment'" because it allows veterans the opportunity to obtain disability benefits, "seek veteran-specific programing, and live in an environment with other incarcerated veterans." Id. at PageID.387. He explains that Schur and an unnamed party from NDVAA "conspired to have [him] removed from representation by this agency." Id. at PageID.386. And that the process deprived was that Defendants did not "conduct a hearing prior

to removal from the representation by the MDVAA, or the removal from the Veterans' Unit Program and subsequent transfer to Carson City Correctional Facility." Id.

Again, these same arguments were before the magistrate judge and the magistrate judge found that they did not amount to a due process claim for the reasons stated above. See R. & R. at PageID.374–375. Richard cites no authority explaining why the magistrate judge's conclusions were incorrect.

Objection two is overruled.

**C. Objection 3**

Richard's third objection is to the R&R's conclusion that he did not state a viable retaliation claim against Novak. Obj. at PageID.388. The R&R concluded that Richard failed to state a retaliation claim as to Novak because he did not allege that Novak made the decision to transfer him or that she acted in response to him exercising his First Amendment rights. R. & R. at PageID.376–377. Richard's complaint only stated that Novak "informed him that he was being moved to a different unit a Schur's request and that the request was related to" how Richard failed to sign the Military Veterans' Unit Participation Application. Id. at PageID.376.

Richard argues that he has stated a viable retaliation claim because Novak "failed to prevent" his removal from the Veterans' Unit Program. Obj. at PageID.388. This argument is, again, one that was before the magistrate judge already. Mot. at PageID.241–243. Richard did not respond to it when it was raised originally before the magistrate judge. See Resp. He may not do so now. Further, as the R&R correctly states, Richard has not established causation between his alleged protected activity and his alleged adverse action as to Novak. R. & R. at PageID.376–377. His objection does not address this point so he has still failed to state a claim of retaliation as to Novak.

Objection three is overruled.

**D. Objection Four**

Richard's fourth objection is to the R&R's conclusion that the he failed to exhaust administrative remedies as to his claims against Schur and Novak. Obj. at PageID.389–390; R. & R. at PageID.378–381. The magistrate judge found that the only grievance that Richard made arguments about was SRF-85 and that SRF-85 did not exhaust Richard's claims against Schur and Novak because it did not name them in the grievance. R. & R. at PageID.379. As the R&R states, to be proper, a grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2006).

The Court does not understand Richard's objection. He first seems to make arguments that do not address the magistrate judge's grievance conclusions. He argues that that his claim against Defendant "Unknown Warden John Doe" "cannot be confirmed until discovery." Obj. at PageID.389. He argues that he does not have the documents that will "prove[]" who authorized his transfer from the Veterans' Housing Unit until after discovery. Id. at PageID.389–390. He states, without any evidence, that Schur and Novak are "most definitely responsible for the adverse actions complained of here." Id. at PageID.390. But that he cannot prove it until after discovery. Id. None of these arguments addresses how the magistrate judge's conclusion about exhaustion was incorrect.

Richard's makes one argument related to exhaustion of grievances. He states, "Novak's motivation for her actions on 12/13/2023 are related to the [g]rievance that plaintiff filed on her in 2021. SF 2021-09-1119-27B was for her reliance on false information. It was also a fully exhausted grievance . . . ." Obj. at PageID.390. The Court does not understand Richard's

argument. Further, his argument does not address the magistrate judge's conclusion that Schur and Novak were not named in any of Richard's grievances.

Objection four is overruled.

**E. Objection Five**

Richard's fifth objection responds to footnote four of the R&R which states, "Richard confusingly also alleged that Count No. 5 occurred a year later, in December 2023." Obj. at PageID.390–391; R. & R. at PageID.380. He states that "notation 4 was the result of a typographical error." Obj. at PageID.390. Richard also identifies a typographical error in the R&R. Id. at PageID.390–391. Besides pointing out these typographical errors, Richard makes no argument related to them. The Court finds that these typographical errors do not affect the outcome of the case so objection five is overruled.

**F. Objection Six**

Richard's sixth objection is that the R&R does not mention 38 C.F.R. § 14.631(c). Obj. at PageID.391. Richard states that the regulation is cited in Count 2 of the complaint and that it "must stand" but that it was not addressed in the R&R. Id.

While the R&R did not cite the regulation, it addressed the claim in Count II when it found that Richard failed to state a due process claim because he failed to state a protected interest and failed to allege that the Defendants were involved in losing his MDVAA representation. R. & R. at PageID.375. Therefore, objection six is overruled.

## III. CONCLUSION

The Court adopts the R&R (Dkt. 31), overrules Richard's objections (Dkt. 32), and grants Defendants' motion to dismiss and for summary judgment (Dkt. 26).

**SO ORDERED.**

Dated: September 9, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager