UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JOHN RICHARD,

Plaintiff,

v.

Case No. 25-cv-10642
HON. MARK A. GOLDSMITH

DENIS SCHUR, et al.,

Defendants.
_________________________/

**OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (Dkt. 45)**

This matter is before the Court on Plaintiff Frank John Richard's motion for relief from judgment (Dkt. 45). This Court adopted the magistrate judge's report and recommendation, overruled Richard's objections, and granted Defendants' motion to dismiss and for summary judgment. 9/9/26 Op. & Order (Dkt. 40). The Court then entered a judgment in favor of Defendants. 9/9/26 Judgment (Dkt. 41).

Richard's motion seeks relief from judgment under Federal Rule of Civil Procedure 60(b)(3). Rule 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ."

"[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (punctuation modified). A party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F. 3d 448, 454 (6th Cir. 2008).

Relief from judgment for fraud under Rule 60(b)(3) is warranted when the "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding in question[.]" Id. at 455 (punctuation modified). Fraud is defined as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." Id. at 456 (punctuation modified).

Richard makes two arguments why he should be granted relief from judgment. The first is that Defendants' counsel made a misrepresentation when he stated that Richard failed to name Defendants in grievance SRF-85. Mot. at PageID.447–449. The second is that the magistrate judge's striking his affidavit at Dkt. 36 is the "result of misconduct" by Defendants' counsel. Id. at PageID.450. Neither argument has merit.

Defendants' counsel did not make a misrepresentation when he stated that Richard failed to name Defendants in SRF-85. The argument that Defendants made, and the magistrate judge agreed with, was that while Defendants Denis Schur and Amy Novak were mentioned in SRF-85, there was no allegation that they were involved in misconduct. R. & R. at PageID.379–381 (Dkt. 31). For a grievance to be properly exhausted, it must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2006). Richard's disagreement with Defendants' view of the facts does not make the argument a "misrepresentation" warranting relief from judgment.

The Court does not understand Richard's second argument. He asserts that the magistrate judge's order to strike his improperly filed affidavit, Dkt. 36, was the "result of misconduct by one or both" of Defendants' attorneys. Mot. at PageID.450. Richard explains that he never filed the affidavit in this Court and that it was served pursuant to the "Safe-Harbor Provision of Rule 11."

Id. Richard has made this argument before, see Dkt. 38, and the Court has already told Richard it does not understand. 9/9/26 Op. & Order (Dkt. 39). Regardless, this argument does not demonstrate "misconduct" on the part of Defendants' counsel sufficient to grant a motion for relief from judgment under rule 60(b)(3).

Richard's motion is denied.

**SO ORDERED.**

Dated: November 9, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager